# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
KAREEMAH BELL-BOSTON,                   )
                                        )
                      Plaintiff,        )
                                        )
          v.                            )          Civil Action No. 14-0194 (ABJ)
                                        )
MANPOWER INTERNATIONAL                  )
STAFFING AGENCY,                        )
                                        )
                      Defendant.        )
_____ )


## MEMORANDUM OPINION

This matter is before the Court on Defendant Manpowergroup Inc.'s Motion to Dismiss

Plaintiff's Complaint.  For the reasons discussed below, the motion will be granted.

## I.  BACKGROUND

In relevant part, Plaintiff's complaint states:

> According to Manpower International . . . I threaten[ed] one of the
> headquarter[s] employee[s] . . . .  On April 22, 2012 I didn't have a
> home phone, so I informed my recruiter Bianca Johnson that if she
> had any positions that matched my profile to email me at
> Yasmina4000@Hotmail.com[.]    According to Juan who also
> worked for the Staffing Agency informed me that [I] never worked
> for Manpower according to his database[.]   [I] want to sue for
> slander and mental damage.

Notice of Removal, Ex. A (Complaint) (emphasis removed).[1]  She demands a judgment in her favor and an award of $500,000.00.  *Id.*  The "slander" to which Plaintiff refers, presumably, is that "someone put negative feedback into the database" about her.  Plaintiff's Motion for Court Appointed Counsel at 2.[2]  Because of this information, she alleges, "the staffing agency has never placed [her] on any assignments."  *Id.*

## II. DISCUSION

Defendant moves to dismiss the complaint under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff "has failed to set out sufficient facts to make her claim for defamation plausible."  Manpowergroup Inc.'s Memorandum in Support of Motion to Dismiss Plaintiff's Complaint ("Def.'s Mem.") at 1.  Alternatively, Defendant argues that "any allegedly defamatory statement . . . was protected by a qualified privilege that the Plaintiff is unable to overcome."  *Id.*

A plaintiff's complaint need only provide a "short and plain statement of [her] claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual

---

[1]  The Court construes "mental damage" not as a separate tort claim, but as an assertion of emotional injury caused by Defendant's action for which Plaintiff demands monetary compensation.

[2]  The Court construes Plaintiff's Motion for Court Appointed Counsel [ECF No. 8], insofar as it appears to address arguments set forth in Defendant's motion to dismiss, as her opposition to the motion.  *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that district court abused its discretion by "failing to consider [*pro se* plaintiff's] complaint in light of his reply to the motion to dismiss").

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In other words, it must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (citing *Iqbal*, 556 U.S. at 678)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (brackets and internal quotation marks removed). For purposes of this discussion, the Court construes Plaintiff's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and presumes that its factual allegations are true, *see Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2006). With these considerations in mind, the Court concludes that the complaint must be dismissed.

Under District of Columbia law, the elements of a defamation claim are:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

*Armstrong v. Thompson*, 80 A.3d 177, 183 (D.C. 2013) (citations omitted). A statement is defamatory "if it tends to injure plaintiff in [her] trade, profession or community standing, or lower [her] in the estimation of the community." *Afro-American Publ'g Co., Inc. v. Jaffe*, 366 F.2d 649, 654 (D.C. Cir. 1966) (footnote and citations omitted); *see Smith v. District of Columbia*, 399 A.2d 213, 220 (D.C. 1979) ("Slander is defined as an oral communication which tends to injure plaintiff in his trade, profession or community standing, or lower him in the

estimation of the community." (citation and internal quotation marks omitted)).  There can be no liability imposed if the allegedly defamatory statement is not shared.  "[T]he interest protected by the law of defamation is that in reputation and it is therefore essential to liability for either libel or slander that the defamation be communicated to some one other than the person defamed."  *Washington Annapolis Hotel Co. v. Riddle*, 171 F.2d 732, 737 (D.C. Cir. 1949) (citations omitted).

"Whether a communication is capable of a defamatory meaning is a question of law." *Clampitt v. American Univ.*, 957 A.2d 23, 39 (D.C. 2008) (citation omitted).  Whether a statement is privileged is also a question of law.  *See Carter v. Hahn*, 821 A.2d 890, 894 (D.C. 2003); *Moss v. Stockard*, 580 A.2d 1011, 1024 (D.C. 1990).  Under the common interest privilege, for example, a statement is protected if "it is (1) made in good faith, (2) on a subject in which the party communicating has an interest, or in reference to which he has or honestly believes he has a duty (3) to a person who has such a corresponding interest or duty."  *Payne v. Clark*, 25 A.3d 918, 925 (D.C. 2011) (citing *Carter*, 821 A.2d 894) (internal quotation marks omitted).  Such a privilege may be found in circumstances where an individual's professional qualifications are discussed.  *See Greenya v. George Washington Univ.*, 512 F.2d 556, 563 (D.C. Cir. 1975) ("It is well accepted that officers and faculty members of educational organizations enjoy a qualified privilege to discuss the qualifications and character of fellow officers and faculty members, if the matter communicated is pertinent to the functioning of the educational institution.").  A plaintiff may overcome an assertion of privilege by demonstrating that "a publication occurred outside normal channels," or in a "normal manner" that "resulted in an unreasonable degree of publication," or if the "publication was made with malicious intent."  *Id.*; *see Blodgett v. University Club*, 930 A.2d 210, 224-25 (D.C. 2007).

Neither in her complaint nor her opposition to Defendant's motion to dismiss does Plaintiff describe the "negative information" in Defendant's database. Without any allegations as to the content of the statement, the Court simply cannot determine whether it is false and capable of a defamatory meaning. Nor can the Court determine if and to whom Defendant published the negative information. Even if Defendant had communicated a false and defamatory statement about Plaintiff, she fails to allege that Defendant did so without privilege to a third party. Plaintiff thus fails to allege adequately a defamation claim, and her complaint will be dismissed. *See Watwood v. Credit Bureau, Inc.*, 68 A.2d 905, 906 (D.C. 1949) (dismissing complaint that did not set forth the verbatim language or the substance of the allegedly defamatory matter).

## III.  CONCLUSION

Because the complaint fails to allege a defamation claim, Defendant's motion to dismiss will be granted. An Order is issued separately.

DATE:  July 28, 2014                           /s/
                                               AMY BERMAN JACKSON
                                               United States District Judge